By the Court :
In the case of Mors v. M’Cloud, it is distinctly stated that the mode of declaring pursued in this case is in accordance with a long-established practice, which the court were not at liberty to disturb. We adhere to that opinion, so that the exception to the declaration can not be sustained.
As to the double replications, a majority of the court think it now too late to take exception to them. Each contained a good answer to the defendant’s plea, and both are found, by the jury, to be true. There must be some strong ground, indeed, to induce us to reverse the plaintiff’s judgment, because it appears that he has two valid answers to the defense set up, when' either one would be sufficient for him.
Had the defendant wished to confine the plaintiff to one answer to his plea, he should have objected to the double replications before the trial, when the court would have compelled the plaintiff to confine his proof to one, and ordered the other to be struck from the record. By waiving this and *going to trial, the fact has been found that both replications are true. Under these circumstances, it is too late to disturb the verdict. It is to prevent confusion at the trial that duplicity in pleading is prohibited. The exception must be taken in season to effect this object, or it is too late.
The deposition was properly rejected. Until proof was adduced, that the record copied was kept under the authority of law, it was nothing. A sworn copy of a private paper is nothing without proof of the original being executed. So the copy in this case was inadmissible, until it was proven that the paper copied and alleged to be a record was legally entitled to 'that character. In the absence of this proof, the deposition was rightly rejected.
The judgment of the court of common pleas must be affirmed.